IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                              |   |                              |
|------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA,    | ◊ |                              |
|                              | ◊ |                              |
|     Plaintiff,               | ◊ |                              |
|                              | ◊ | Cv. No. 11-2295-STA-cgc      |
| vs.                          | ◊ | Cr. No. 08-20389-(BBD)STA    |
|                              | ◊ |                              |
| ALEXANDER COOK,              | ◊ |                              |
|                              | ◊ |                              |
|     Defendant.               | ◊ |                              |
|                              | ◊ |                              |

---

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

On April 18, 2011, Defendant Alexander Cook, Bureau of Prisons register number 22622-076, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed a pro se motion pursuant to 28 U.S.C. § 2255, along with a memorandum in support. (Docket Entries ("D.E.") 1 & 1-1.)

On February 24, 2009, a federal grand jury returned an twelve-count second superseding indictment charging Cook and eleven co-defendants. Cook was named in Count One of the indictment, charging him with conspiracy to possess in excess of one hundred (100) kilograms of marijuana, with the intent to distribute, in violation of 21 U.S.C. § 846 and in Count Twelve, a count of Criminal Forfeiture. United States v. Cook, No. 08-20389-(BBD)STA, Criminal Docket Entry "Cr. D.E." 142.)

On October 7, 2009, pursuant to a written plea agreement, Cook appeared before then United States District Judge Bernice B. Donald to plead guilty to the Counts One and Twelve of the indictment. (Cr. D.E. 255.) The plea agreement provided as follows:

1.  Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty, the Government and the Defendant will jointly recommend that the Defendant receive a three-level reduction for acceptance of responsibility under the United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1. The Defendant understands that if the Court does not accept this recommendation the Defendant nevertheless has no right to withdraw the plea.

2.  Neither the Government nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court.

3.  Should it be judged by the Government that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1 or has failed to make any court appearances in this case, from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw his plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the Defendant would not release the Defendant from this plea of guilty.

4.  The Defendant further understands and agrees the special assessment is due and payable to the U.S. District Court Clerk's Office immediately following the Defendant's sentencing.

> 5.  This writing contains the entire Plea
>     Agreement between the Defendant and the
>     Government with respect to his plea of guilty.
>     No additional promises, representations or
>     inducements other than those referenced in
>     this Plea Agreement have been made to the
>     Defendant or to his attorney with regard to
>     this Plea, and none will be made or entered
>     into unless in writing and signed by all
>     parties.

(Cr. D.E. 256.)

Judge Donald conducted a sentencing hearing on April 19, 2010, at which Cook was sentenced to a term of imprisonment of one hundred fifteen (115) months, to be followed by a three-year period of supervised release. (Cr. D.E. 379.) Judgment was entered on April 22, 2010. (Cr. D.E. 387.) Cook did not appeal.

In this § 2255 motion, Defendant argues that the operation of the Sentencing Guidelines violates the doctrine of separation of powers, that all sentences must be reviewed for substantive and procedural reasonableness, that the Court must abandon its prior approval of a presumption of reasonableness, and that his sentence is substantively unreasonable. (D.E. 1 at 4-5, D.E. 1-1.)

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise subject
> to collateral attack, may move the court which imposed

the sentence to vacate, set aside or correct the
sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. See Sunal v. Lange, 332 U.S. 174, 178, 67 S. Ct. 1588, 1590, 91 L. Ed. 1982 (1947). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 477 n.10, 96 S. Ct. 3037, 3044 n.10, 49 L. Ed. 2d 1067 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective
> assistance of counsel, then relief under § 2255 would be
> available subject to the standard of Strickland v.
> Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d
> 674 (1984). In those rare instances where the defaulted
> claim is of an error not ordinarily cognizable or
> constitutional error, but the error is committed in a
> context that is so positively outrageous as to indicate
> a "complete miscarriage of justice," it seems to us that

4

what is really being asserted is a violation of due process.
Id.

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. El-Nobani v. United States, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); Peveler v. United States, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. The movant is entitled to reply to the Government's response. Rule 5(d), Section

2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, Section 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Turner v. United States, 183 F.3d 474, 477 (6th Cir. 1999)). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his or her recollection of the prior case. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996); see also Blackledge v. Allison, 431 U.S. 63, 74 n.4, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion."). Defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence. Pough v. United States,, 442 F.3d 959, 964 (6th Cir. 2006).

Defendant Cook did not raise these issues on direct appeal. Defendant attempts to demonstrate cause and prejudice for his default by alleging that counsel was ineffective for failing to raise the issues at sentencing or on appeal.

A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards stated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688, 104 S. Ct. at 2064. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. [Strickland, 466 U.S.] at 689, 104 S. Ct. 2052. The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id., at 687, 104 S. Ct. 2052." Harrington v. Richter, ___ U.S. ___, ___, 131 S. Ct. 770, 787, 178 L. Ed. 2d 624 (2011).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

<u>Id.</u> at 694, 104 S. Ct. at 2068.[1] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' [<u>Strickland</u>, 466 U.S.] at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' <u>Id.</u>, at 687, 104 S. Ct. 2052." <u>Richter</u>, ___ U.S. at ___, 131 S. Ct. at 787-88; <u>see also</u> <u>id.</u> at ___, 131 S. Ct. at 791-72 ("In assessing prejudice under <u>Strickland</u>, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable.") (citations omitted); <u>Wong v. Belmontes</u>, ___ U.S. ___, ___, 130 S. Ct. 383, 391-92, 175 L. Ed. 2d 328 (2009) (per curiam) ("But <u>Strickland</u> does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, <u>Strickland</u> places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different.").

---

[1] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." <u>Strickland</u>, 466 U.S. at 697, 104 S. Ct. at 2069. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. <u>Id.</u>

"Surmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. ___, ___, 130 S. Ct. 1473, 1385, 176 L. Ed. 2d 284 (2010).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the <u>Strickland</u> standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. <u>Strickland</u>, 466 U.S., at 689-690, 104 S. Ct. 2052. Even under <u>de</u> <u>novo</u> review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." <u>Id.</u>, at 689, 104 S. Ct. 2052; <u>see also</u> <u>Bell v. Cone</u>, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. <u>Strickland</u>, 466 U.S., at 690, 104 S. Ct. 2052.

<u>Richter</u>, 131 S. Ct. at 788.

The two-part test stated in <u>Strickland</u> applies to challenges to guilty pleas based on the ineffective assistance of counsel. <u>Hill v. Lockhart</u>, 474 U.S. 52, 57-58, 106 S. Ct. 366, 369-70, 88 L. Ed. 2d 203 (1985). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" <u>Id.</u> at 56, 106 S. Ct. at 369 (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771, 90 S. Ct.

1441, 1449, 25 L. Ed. 2d 763 (1970)). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Id.</u> at 59, 106 S. Ct. at 370; <u>Padilla</u>, 559 U.S. at ___, 130 S. Ct. at 1485 ("[T]o obtain relief on this type of claim, a [prisoner] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

Cook has filed a generic motion that argues that the Sentencing Guidelines should be abandoned. He fails to articulate any specific factual or legal basis demonstrating that his sentence was unreasonable under any theory set forth in the motion to vacate. The motion is devoid of any basis to raise those issues on appeal. When a defendant files a § 2255 motion, he must set forth facts that entitle him to relief. <u>Green v. Wingo</u>, 454 F.2d 52, 53 (6th Cir. 1972)[2]; <u>O'Malley v. United States</u>, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing. <u>Green v. Wingo</u>, 454 F.2d at 53; <u>O'Malley</u>, 285 F.2d at 735(citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal

---

[2]     <u>Green v. Wingo</u> addresses a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which governs state convictions. Nevertheless, §§ 2254 and 2255 are counterparts and the law applicable to one generally applies to the other. <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>Metheny v. Hamby</u>, 835 F.2d 672, 673-74 (6th Cir. 1987).

merit. <u>Loum v. Underwood</u>, 262 F.2d 866, 867 (6th Cir. 1959); <u>United States v. Johnson</u>, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Cook has failed to allege and present any supporting fact that demonstrates ineffective assistance by counsel. No facts are presented that demonstrate any prejudice to Defendant. The motion does not establish a reasonable probability that, if counsel had taken any different action, the outcome of Cook's sentencing hearing would have been different. Speculation is insufficient to warrant relief under 28 U.S.C. § 2255. Cook has failed to establish deficient performance or prejudice. The motion to vacate is without merit and is DISMISSED.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Defendant's conviction and sentence are valid and, therefore, his motion to vacate is DENIED. Defendant's motion to dismiss his criminal case is DENIED. Judgment shall be entered for the United States.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>see also</u> Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack</u>, 529 U.S. at 484, 120 S. Ct. at 1603-04 (quoting <u>Barefoot</u>, 463 U.S. at 893 & n.4, 103 S. Ct. 3383).

The Supreme Court has cautioned against undue limitations on the issuance of COAs:

> [O]ur opinion in <u>Slack</u> held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in <u>Slack</u> would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "has already failed in that endeavor."

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003) (quoting <u>Barefoot</u>, 463 U.S. at 893 n.4, 103 S. Ct. 3383). Thus,

> [a] prisoner seeking a COA must prove "something more than the absence of frivolity" or the existence of mere "good faith" on his or her part. We do not require petitioner to prove, before the issuance of a COA, that some jurists

would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338, 123 S. Ct. at 1040 (quoting Barefoot, 463 U.S. at 893, 103 S. Ct. 3383); see also id. at 342, 123 S. Ct. at 1042 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[3]

In this case, for the reasons previously stated, the issue raised by Defendant lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). Kincade, 117 F.3d

---

[3]    The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039. Instead, the COA requirement implements a system of "differential treatment for those appeals deserving of attention from those that plainly do not." Id., 123 S. Ct. at 1040.

at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED. If Defendant files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 21st day of February, 2012.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE